# FILED UNDER SEAL

Prob12C
D/NV Form
Rev. March 2017

# United States District Court
## for
## the District of Nevada

### PETITION FOR SUMMONS
### FOR OFFENDER UNDER SUPERVISION

Name of Offender: **Tyson Lamar Jones**

Case Number: **2:12CR00363**

Name of Sentencing Judicial Officer: **Honorable James C. Mahan**

Date of Original Sentence: **May 16, 2013**

Original Offense: **Convicted Felon in Possession of a Firearm**

Original Sentence: **57 Months prison, followed by 36 Months TSR.**

Date Supervision Commenced: **August 29, 2018**

Name of Assigned Judicial Officer: **Honorable James C. Mahan**

### PETITIONING THE COURT

☒ To issue a summons:

The probation officer believes the offender has violated the following condition(s) of supervision:

1. **Drug/ Alcohol Testing** – You shall submit to drug/alcohol testing as directed by the probation officer not to exceed 104 tests per year.

   **A.** On September 23, 2018, Jones submitted a drug test which yielded positive results for methamphetamine. This sample was confirmed positive for methamphetamine by the national lab.

RE: Tyson Lamar Jones

    **B.** On September 25, 2018, Jones submitted a drug test which yielded positive results for methamphetamine. This sample was confirmed positive for methamphetamine by the national lab.

    **C.** On October 29, 2018, Jones submitted an invalid urine sample at Westcare and failed to return to the facility to provide a valid sample.

    **D.** On December 28, 2018, Jones failed to report for drug testing at Westcare facility.

    **E.** On February 2, 2019, Jones failed to report for drug testing at Westcare facility.

    **F.** On February 23, 2019, Jones failed to report for drug testing at Westcare facility.

    **G.** On February 25, 2019, Jones failed to report for drug testing at Westcare facility.

2. **Be Truthful** - The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

   Tyson Jones initially denied being in a romantic relationship with a female felon. He later admitted to getting a female felon pregnant but refused to provide her name to this officer. In addition, he also initially denied being married to this female, later identified as Tawana Wells, who is currently residing in the Las Vegas Residential Reentry Center before her term of supervised release commences.

3. **Shall Not Associate with Criminals** - The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

   On November 29, 2018, Jones married Tawana Wells, who is currently residing in the Las Vegas Residential Reentry Center before her term of supervised release commences. The marriage certificate was confirmed via an internet search of Nevada marriage licenses. Jones did not have permission from this officer to associate with Tawana Wells outside of them being employed at the same company.

RE: Tyson Lamar Jones

Prob12C
D/NV Form
Rev. March 2017

4. **Residential Reentry Center** – You must reside in a residential reentry center for a term of up to 90 days. You must follow the rules and regulations of the center.

   A. On September 23, 2018, Jones received an incident write up for failing to follow directives at the Las Vegas Residential Re-entry Center.

   B. On November 7, 2018, this officer was notified by staff at the Las Vegas Residential Re-entry Center that Jones received another incident write up for refusing to obey order by staff member.

   C. On January 1, 2019, Jones received an incident write up for submitting a positive alcohol test which registered a BrAC of .056.

**U.S. Probation Officer Recommendation**:

☒ The conditions of supervision should be modified as follows:

1. **Cognitive Behavioral Treatment** – You must participate in a cognitive behavioral treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). Such programs may include group sessions led by a counselor or participation in a program administered by the probation office.

2. **Support Dependents – Other Legal Obligation** – You must meet any legal obligation to support or make payment toward the support of any person, including any dependent child, the co-parent or caretaker of a dependent child, or spouse or former spouse.

3. **Other** – You must participate in a program for family and/or marriage counseling and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). Such programs may include group sessions led by a counselor or participation in a program administered by the probation office.

RE: Tyson Lamar Jones

Prob12C
D/NV Form
Rev. March 2017

4. **Community Service** – You must complete 30 hours of community service within two months. The probation officer will supervise the participation in the program by approving the program (agency, location, frequency of participation, etc.). You must provide written verification of completed hours to the probation officer.

I declare under penalty of perjury that the information contained herein is true and correct,

Executed on **March 25, 2019**

Donnette L. Johnson
2019.03.26
17:22:49 -07'00'

_____
Donnette Johnson
United States Probation Officer

Approved:

Brian Blevins
2019.03.25 17:01:05
-07'00'

_____
Brian Blevins
Supervisory United States Probation Officer

RE: Tyson Lamar Jones

Prob12C
D/NV Form
Rev. March 2017

## THE COURT ORDERS

☐   No Action.
☐   The issuance of a warrant.
X   The issuance of a summons.
☐   Other:

_____
Signature of Judicial Officer

March 27, 2019
_____
Date

RE: Tyson Lamar Jones

Prob12C
D/NV Form
Rev. March 2017

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA
## UNITED STATES V. TYSON LAMAR JONES,  2:12CR00363

### SUMMARY IN SUPPORT OF PETITION FOR SUMMONS
### March 25, 2019

On May 16, 2013, Jones appeared before Your Honor and was sentenced to 57 months custody followed by 3 years supervised release for committing the offense of Convicted Felon in Possession of Firearm.  On November 24, 2016, Jones was set to commence supervised release; however, he absconded and was charged with Escape from Custody.  On August 21, 2017, Jones appeared before the Honorable Judge Dorsey on case number 2:17cr00079 and was sentenced to 15 months custody followed by 3 years supervised release for committing the offense of Escape from Custody.  On August 29, 2018, Jones commenced his supervised release in the District of Nevada for both cases.

On October 16, 2018, this officer submitted a 12A report on offender detailing several issues of noncompliance including positive drug test, failure to report for drug testing, contact with a gang member, failure to answer truthfully, failure to live at an approved residence and for failure to report police contact.  On May 17, 2018, Jones' conditions were modified to include placement in the Las Vegas Residential Re-entry Center (RRC) and on September 21, 2018 he began his placement at the RRC.  On December 7, 2018, Jones' conditions were modified to include an additional 90 days of placement at the Las Vegas Residential Reentry Center (RRC) to address his housing situation.  While residing at the RRC, Jones received several incident reports for numerous issues relating to his poor attitude toward staff, refusing to obey staff orders, and his continually missing appointments with his case manager.  More specifically, Jones received a write up at the RRC on September 23, 2018 for failing to follow directives.  On November 7, 2018 he received another write up at the RRC for refusing to obey staff member order, and then on January 1, 2019 he received a write up for submitting a positive alcohol test (BrAC of .056).  This officer addressed all these issues with Jones and encouraged him to try harder; he was successful in obtaining his own personal residence and moved out of the RRC on January 26, 2019.

Jones has also had issues complying with drug testing.  On September 23, 2018 Jones submitted a positive drug test for methamphetamine and this test was confirmed positive by the national lab for amphetamine and methamphetamine.  On September 25, 2018 Jones submitted another positive drug test for methamphetamine and this test was also confirmed positive by the national lab for methamphetamine.  To his credit, since those last positive drug tests, all urine samples he has submitted have been negative.  However, he submitted an invalid sample at Westcare on October 29, 2018 and he failed to return and submit a second valid sample.  In addition, he failed to report for drug testing on the following dates: December 28, 2018; February 2, 2019; February 23, 2019 and February 25, 2019.  Again, to his credit, Jones reported to the probation office after each missed drug test and produced a negative sample.  Jones has been attending substance abuse and mental health counseling as required at Bridge Counseling and he has made a lot of positive

RE: Tyson Lamar Jones

Prob12C
D/NV Form
Rev. March 2017

strides in his attitude and behavior and overall criminal thinking styles; however, he still has issues with being truthful with the probation officer.

On January 29, 2019 Jones contacted this officer and advised that he was employed with the same company as two others who are also currently on federal supervision with this office; specifically, Darwin Hayter and Lawana Wells. He advised that he knew he could not associate with felons without probation permission and wanted to make sure this would not be a problem. He further went on to state that he was subordinate to both Hayter and Wells because they were supervisors. This officer advised him he had permission to have contact with them only as it related to his employment duties. On February 25, 2019 Jones reported to the probation office and advised this officer that he believed the female he was working with was now pregnant and he was unsure what to do. This officer requested to know who this female was, but Jones refused to provide her name. On March 5, 2019, this officer received information that Jones was married to Tawana Wells and had been for some time. This officer searched the Internet for proof of a marriage license and found a record confirming that Tyson Jones and Tawana Wells were married in Clark County, Nevada on November 29, 2018. Jones was contacted on March 7, 2019 and was questioned about the marriage and he initially denied being married. This officer also questioned him about his relationship with Tawana Wells and he advised it was "complicated."

On March 7, 2019, this officer had a noncompliance meeting with Tyson Jones and Supervisor Brian Blevins to discuss this issue. Also, in attendance at the meeting was Tawana Wells and her assigned United States Probation Officer, Bryce Stark. Tawana Wells is currently residing at the RRC and is scheduled to commence supervised release on March 22, 2019 for committing the offense of Felon in Possession of a Firearm. This is Tawana Wells' second attempt at supervision as she was previously revoked due to her noncompliance. Wells and Jones admitted they worked together and that they had been in a relationship since about October 2018. They both admitted to being married to one another and Wells provided their marriage date of November 29, 2018; she also advised she was pregnant with Jones' child. Wells failed to inform the RRC about this marriage as well as her Probation Officer. This officer reviewed the conditions of being truthful with both Jones and Wells, specifically the condition restricting felons from associating unless given permission by the probation officer. They indicated they both knew they should have disclosed this information before it got to this stage; however, they also understood there would be consequences if this was discovered.

At this time, this officer is requesting Jones be summonsed to Court to address these most recent issues of noncompliance. The probation office supports positive relationships; however, the issue lies in Wells and Jones attempting to hide their relationship from their respective Probation Officers. Since Jones has an issue with being truthful with the probation officer, it is believed that he can benefit from participation in cognitive behavioral treatment to address his criminal thinking styles. The probation office will continue to work with Jones, as he has shown improvement and compliance in other areas of supervision. This officer believes that additional conditions can be fashioned to not only guide Jones but to also assist him with making better decisions in the future. This officer is requesting that Jones be required to participate in

RE: Tyson Lamar Jones

Prob12C
D/NV Form
Rev. March 2017

cognitive behavioral treatment, family and/or marriage counseling, complete 30 hours of community service, and legally support his dependents.

A request for summons outlining these same violations and recommendation will also be submitted to the Honorable Judge Dorsey in docket number 2:17cr00079.

Respectfully submitted,

Donnette L. Johnson
2019.03.26 17:23:11 -07'00'

Donnette Johnson
United States Probation Officer

Approved:

Brian Blevins
2019.03.25 17:02:13 -07'00'

Brian Blevins
Supervisory United States Probation Officer